IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MONTAVIS DIXON,<br><br>    Defendant. | CRIMINAL ACTION FILE<br><br>NO. 3:20-cr-3-TCB |

**O R D E R**

This case comes before the Court on Magistrate Judge Russell G. Vineyard's report and recommendation (the "R&R") [70], which recommends that Defendant Montavis Dixon's motion [36] to suppress evidence, motion [37] to suppress statements, motion [38] for return of property, and amended motion [41] for return of property be denied. Dixon has filed objections [73].

**I.    Background**

On April 18, 2017, FBI agents and other law enforcement officers executed a search warrant at a house located at 1521 N. Hill Street,

Griffin, Georgia. FBI special agent Kelly Jo Strickler averred in the warrant application and affidavit that she had probable cause to believe that evidence of advertisements seeking the production of child pornography existed in computers and other devices located on the property.

During the search warrant's execution, Defendant Dixon agreed to be interviewed at a table in the front yard. He was not provided with *Miranda* warnings during the interview. He declined to provide agents the passcode to his iPhone, which was seized pursuant to the terms of the warrant along with other items from the property. On April 25, 2019, a forensic examination was performed on the phone and the evidence was placed on an external disc.

Dixon was later charged in a three-count indictment with production, receipt, and possession of child pornography in violation of 18 U.S.C. §§ 2251(a), (e), and 2252(a)(2), (a)(4)(b), (b), and (b)(2). The indictment also contained a forfeiture provision pursuant to 18 U.S.C. § 2253, and on October 8, 2020, the Government filed a bill of particulars identifying the iPhone as property subject to forfeiture.

Dixon seeks to suppress his statements made to the agents during his interview and evidence obtained from the iPhone. He also seeks the return of the phone.

The facts of the case are not disputed,[1] and the Court adopts the facts as set forth in the R&R. Dixon objects to certain conclusions reached in the R&R, which the Court will review.

## II. Legal Standard

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v.*

---

[1] Dixon states that he objects to the "factual . . . conclusions" made in the R&R, but he does not raise any specific objection to the facts and instead objects to the R&R's legal conclusions. [73] at 1.

*Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[2]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or

---

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III. Discussion

### A. Motion to Suppress Evidence

The R&R found that the Government's two-year delay in searching Dixon's iPhone was not unreasonable given that the phone was encrypted with a passcode and Dixon had not provided the agents with his passcode. The Government explains that the delay was due to the time required for encryption technology to unlock the phone.

Dixon objects to the R&R's conclusion, arguing that the Government failed to identify or produce evidence of encryption difficulties and the Court should not base its finding of reasonableness on only the Government's statement that the iPhone required de-encryption.

Under Federal Rule of Criminal Procedure 41(e)(2)(B), the later, offsite review of electronic evidence seized during the execution of a search warrant is permitted so long as that review complies with the Fourth Amendment's reasonableness requirement. *See United States v.*

*Ganias*, 824 F.3d 199, 231–32 (2d Cir. 2016) (citing *United States v. Ramirez*, 523 U.S. 65, 71 (1998)); *United States v. Metter*, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012). The advisory committee notes to Rule 41(e) recognize that a "substantial amount of time can be involved in the forensic imaging and review of information" due to the "sheer size of the storage capacity of media, difficulties created by encryption and booby traps, and the workload of the computer labs." FED. R. CRIM. P. 41(e)(2), advisory committee's note to 2009 amendment.

Other courts have found delays to be reasonable based on explanations like the Government's explanation here, especially considering that the advisory committee notes contemplate such delays. *See, e.g.*, *United States v. Estime*, No. 19-cr-711 (NSR), 2020 WL 6075554, at *8, 15 (S.D.N.Y. Oct. 14, 2020) (finding that the government's explanation for its delay in searching the defendant's cellphones—the phones were locked, the defendant had not provided the passwords to unlock the phones, and "efforts to unlock the cellphones ha[d] been unsuccessful to date"—was "meritorious," and noting that the advisory committee credited this basis for delay); *see also United*

6

*States v. Morgan*, 443 F. Supp. 3d 405, 407 (W.D.N.Y 2020) (explaining that the government's de-encryption device was still attempting to unlock the defendant's passcode-protected iPhone after twenty months of trying). This Court agrees and finds the two-year delay, though lengthy, to be reasonable given the stated encryption difficulties.

As for Dixon's argument that the Court should not base its finding of reasonableness on only the Government's statement that the delay was the time it took to access the phone due to encryption difficulties, the Court disagrees and finds the Government's explanation to be sufficient. It is undisputed that the iPhone was locked with a passcode and that Dixon decided not to provide agents with his passcode. Thus, his objection will be overruled.

Dixon also objects to the R&R's conclusion that the probable cause relied on to obtain the search warrant had not been extinguished prior to the search of the iPhone. As the R&R discusses, at the time of the search Dixon was suspected of making, printing, or publishing any notice or advertisement seeking the production of child pornography. 18 U.S.C. § 2251(d). A lack of evidence showing Dixon's actual ability to

pay for the requested child pornography videos would not negate the probable cause that Dixon had made requests for child pornography videos. Nor does the absence of evidence of sexual abuse of Dixon's three younger siblings negate the probable cause identified in the warrant affidavit. Accordingly, the objection will be overruled.

### B.  Motions for the Return of Property

Next, Dixon objects to the R&R's finding that he is not entitled to the return of his iPhone because it was lawfully seized and searched, the Government has a continuing need for it as evidence, and it is subject to the forfeiture provision of the indictment. *See, e.g., United States v. Garcon*, 406 F. App'x 366, 369 (11th Cir. 2010) (per curiam); *United States v. Chicago*, No. 15-00168-CG, 2017 WL 2963475, at *3 (S.D. Ala. July 11, 2017).

Though Dixon objects to these findings, he fails to present a well-supported objection. Instead, he generally incorporates by reference the arguments already presented in his amended motion for the return of property and in his reply brief without identifying where the R&R's findings are flawed. Thus, a de novo review is not warranted. *See*

*Larios-Trujillo v. United States,* No. 1:08-cr-446-TCB, 2014 WL 198313, at *1 (N.D. Ga. Jan. 14, 2014). And the Court finds that Judge Vineyard correctly determined Dixon is not entitled to the return of his property at this stage.

Dixon also objects to the R&R's consideration of the fact that his bond conditions prohibit him from possessing an internet-capable cell phone. The R&R made this observation in a footnote; Dixon's bond conditions did not serve as the primary basis for the R&R's recommendation that the Court deny the motions for the return of property. Moreover, another court has found similar conditions of release relevant when concluding that the defendant was not unfairly prejudiced by not having possession of his computers. *See United States v. Harmon,* No. 3:18-cr-221-SI, 2018 WL 5786217, at *3 (D. Or. Nov. 5, 2018). Thus, the objection will be overruled.

### C. Motion to Suppress Statements

Finally, Dixon objects to the R&R's conclusion that his statements to law enforcement were made voluntarily and in a non-custodial setting. He again incorporates arguments already raised, this time in

his post-hearing brief, to object to the R&R's legal conclusions, but he fails to show that his statements should be suppressed. The Court agrees with the R&R in finding that under the totality of the circumstances, Dixon was not in custody at the time of his interview, and his statements were voluntary. Accordingly, the objection will be overruled.

## IV.   Conclusion

Having conducted a careful and complete review of the R&R, including a de novo review of those portions of the R&R to which Dixon has properly objected, the Court overrules Dixon's objections [73] and adopts as its Order the R&R [70]. Dixon's motion [36] to suppress evidence, motion [37] to suppress statements, and motions [38, 41] for the return of property are hereby denied.

IT IS SO ORDERED this 18th day of May, 2021.

_____
Timothy C. Batten, Sr.
United States District Judge